Simon **FERRARI**, Plaintiff,

v.

**MOORE–McCORMACK LINES, INC.,**
Defendant.

No. 66 Civ. 4118.

United States District Court
S. D. New York.

Jan. 31, 1969.

Fields, Rosen, McElligott & Auslander, New York City, for plaintiff; Thomas E. P. McElligott, New York City, of counsel.

Browne, Hyde & Dickerson, New York City, for defendant; W. Mahlon Dickerson, Thomas A. Reynolds, New York City, of counsel.

OPINION

EDWARD WEINFELD, District Judge.

The award of $175,000 is so excessive as to shock the conscience of the Court. Giving the plaintiff the benefit of maximum allowances for all items of damage, the award so far exceeds fair and reasonable compensation for damages sustained as to compel the conclusion that the verdict reflects a prejudiced rather than a reasoned appraisal of the evidence.

Plaintiff, a seaman for more than twenty years, when acting as a quartermaster, was injured on March 4, 1966,

while assisting an elderly passenger from his ship to a tender for taxi service to a pier. Plaintiff testified that the passenger almost fell because of a wave surge, and in attempting to prevent her from falling he lost his balance, fell and was injured.

Disregarding the conflict among plaintiff's medical experts as to causal relationship, the injury sustained by him was a herniated disc, or a herniated nucleus pulposus. When the vessel reached New York, plaintiff reported to the United States Public Health Service Hospital, where at first he was treated as an outpatient from March to about the middle of June, 1966. Following this he was admitted as an inpatient. He was put in leg traction for about four weeks; thereafter a myelogram was performed, following which he was in a body cast for about three weeks, and on September, 1966, a laminectomy was performed of L–5 and S–1 with a bone graft in this area. In all, plaintiff was an inpatient for five months. He wore a steel brace for about a year and a half, and thereafter a corset brace (incidentally of the type he wore before the accident in suit). Plaintiff had pain before and after the operation and is likely to experience future pain. Plaintiff acknowledged he can walk well, but if he walks too much he feels pain. He was certified as not fit for sea duty.

Prior to the accident in question plaintiff had a degenerative osteoarthritic condition of the lumbosacral spine. He had an extensive history of low back injuries related to accidents in 1953, 1955 and 1962, and a recurrence in 1956. In an earlier lawsuit, plaintiff, in answer to an interrogatory, swore he had then sustained a herniated disc, which he sought to repudiate at this trial, attributing the answer to his lawyer's advice.

Plaintiff, at the time of trial, was 55 years of age. He had a work expectancy of 10 years and a life expectancy of 18 years. Plaintiff testified his earnings were in the range of $7000–8000 a year (an item which appeared to be open to challenge by a Social Security record, which was not received in evidence since it was not properly authenticated). Thus, lost wages from the date of termination of the voyage, March 28, 1966, to the trial in early January, 1969, total approximately $20,000. Plaintiff, with a work expectancy of ten years, had a prospective loss of future earnings of $75,000, which, discounted at 4½%, has a present value of slightly over $60,000. Thus, the outside maximum award for lost wages is $80,000. Plaintiff, however, is capable of reducing the loss by some gainful employment. While he is not fit for duty in his usual occupation as a seaman, he is not disabled from other types of employment. With the maximum award for loss of wages as indicated, almost $100,000 has been awarded for a herniated disc injury and fusion operation, for past pain and continuing pain and suffering.

This Court has great reluctance to interfere with a jury's judgment, but the total amount is so excessive and so far beyond fair and reasonable compensation for damages sustained that to permit it to stand would be a denial of justice. Cf. Dagnello v. Long Island R. R., 289 F.2d 797, 806 (2d Cir. 1961). We may have inflation, but this is inflation run riot. The Court is of the view that a remittitur is not warranted; it will not serve the interests of justice. The verdict with respect to the second cause of action based upon the accident of March 4, 1966 is set aside in its entirety and a new trial ordered as to all issues. The defendant's motion for a directed verdict as to which decision was reserved is denied.

Judgment may be entered on the verdict in the sum of $5,000 with respect to the first cause of action based on the accident of September 21, 1965, as to which defendant has withdrawn its motions.